## Milberry v. Board of Education

*Leonard Sagot,* for plaintiffs.
*Robert T. Lear,* for defendant.

HIRSH, *J*., March 20, 1975—On December 23, 1974, plaintiffs initiated this action in equity seeking to have the grievance of the plaintiff teacher's unsatisfactory rating resolved by binding arbitration in accordance with article B-VIII, section 2, step 3 of the collective bargaining agreement and article IX, section 903 of the Pennsylvania Public Employe Relations Act. On the same day a rule was granted upon defendant to show cause why an injunction and order should not issue. Thereafter, on January 8, 1975, defendant filed its answer to plaintiffs' complaint along with a memorandum of law averring that the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 PS §§1-101, et seq., precludes defendant from submitting the issue of the propriety of the rating and dismissal of a professional employe to the jurisdiction of an arbitrator. The matter is presently before this court on plaintiffs' complaint and defendant's answer thereto.

Plaintiffs rely on the provision in the collective bargaining agreement which sets forth the procedures and conditions under which assessments, observations and ratings of all teachers and other employes are to be conducted. Article B-V §2f(ii) of the present agreement between the Board of Education of the School District of Philadelphia and the Philadelphia Federation of Teachers provides in part the following:

"The employe may invoke the grievance procedure if he believes that his rating is improper because of capriciousness, arbitrariness, unfairness, prejudice, failure to conform with prevailing practices rating or absence of factual support for such rating."

Plaintiffs invoked the grievance procedures of said provision to oppose the validity of the unsatisfac-

tory ratings and observations issued against plaintiff teacher, Antoinette Milberry. Plaintiffs, pursuant to section 2 (Procedure for Adjustment of Grievances) article B-VIII step 1 submitted a written grievance. Said section states the following:

"In the event the matter is not resolved informally, the grievance stated in writing may, except as hereinafter otherwise provided, be lodged with or submitted to the principal of the school in which the grievance arises within a reasonable time following the act or condition which is the basis of the grievance. The written grievance shall state whether there was an oral discussion of the matter with the principal."

Defendant denied plaintiffs' step 1 grievance appeal. Thereafter, plaintiffs appealed said grievance in compliance with step 2 of article VIII of the agreement. Again, after this was denied by defendant, plaintiffs appealed said grievance in accordance with step 3 of article VIII of the agreement. Defendant has refused to submit this matter to binding arbitration in compliance with step 3 which requires arbitration. It would appear to this court that a reasonable interpretation of the facts would lead to the conclusion that defendant's failure to further process plaintiffs' grievance is a direct violation of its obligations under the collective bargaining agreement.

Moreover, defendant has violated the provisions of the Pennsylvania Public Employe Relations Act of July 23, 1970, P.L. 563, (no. 195), 43 PS §1101.903 of said act which states in part the following:

"Disputes under collective bargaining agreement; mandatory arbitration.

"Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree."

Defendant avers that according to section 703 of the Public Employe Relations Act of 1970, the parties to a collective bargaining agreement may not invoke a provision of the agreement which is inconsistent with or in conflict with the law. We disagree with this interpretation because the facts and issues of the case at bar render section 703 inapplicable. In Pennsylvania Labor Relations Board v. State College Area School District, 9 Pa. Commonwealth Ct. 229 (1973), it was expressed that the Public Employe Relations Act of 1970, July 23, P.L. 563, in dealing with the public sector of labor relations, is intended to afford public employes a limited right of collective bargaining with public employers subject to the paramount rights of the public at large. Judge Kramer filed an opinion, concurring in part and dissenting in part, in which Judges Crumlish, Jr., and Blatt joined. They agreed that the legislature intended by provisions of the Public Employe Relations Act of 1970 to require school boards to enter into good faith collective bargaining on matters affecting a teacher's personal rights with regard to wages, hours and other terms and conditions of employment. The declaration or public policy of the act, 43 PS §1101.101, states in part the following:

". . . the General Assembly has determined that the overall policy may best be accomplished by (1) granting to public employes the right to organize

and choose freely their representatives; (2) requiring public employers to negotiate and bargain with employe organizations representing public employes and to enter into written agreements evidencing the result of such bargaining; and (3) establishing procedures to provide for the protection of the rights of the public employe, the public employer and the public at large."

It is established that items of inherent managerial policy were not subject to collective bargaining because of the provisions of section 702, 43 PS §1101.702. However, public employers shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employe representatives. The words "items and conditions of employment" are susceptible to varying interpretations. We feel that they could be construed to apply to any subject which is insisted upon as a prerequisite for continued employment. Included in this interpretation is the quantity and quality of work required during one's work period. It is obvious, therefore, that the issues of the propriety of ratings and observations are a requisite of employment of teachers and consequently must be subject to collective bargaining and not within the scope of matters of inherent managerial policy.

Indeed, this court will not exercise its equitable powers in response to the hypertechnical distinctions drawn by defendant. The collective bargaining agreement and the logical interpretation of the Public Employe Relations Act of 1970 compel the conclusion that this court may not enjoin implementation of an agreement between the parties designed to provide an efficient and inexpensive

forum for resolving their disputes. It is the law of this Commonwealth that where the parties contemplate the settlement of disputes by arbitration, every reasonable intendment will be made in favor of it: Capecci v. Capecci, Inc., 11 D. & C. 2d 459 (1957), aff'd per curiam, 392 Pa. 32 (1958). The public policy of this State is to give effect to arbitration agreements.

Accordingly, it is therefore ordered and decreed

(1) That defendant shall forthwith submit the grievance of plaintiff, Antoinette Milberry, to impartial arbitration in accordance with the provisions of article VIII, section 2, step 3 of the collective bargaining agreement between the parties and article IX, section 903 of the Public Employe Relations Act of 1970.

(2) That this case shall be retained on the docket of this court until such time as an arbitration decision is rendered and a copy of same submitted to this court.